UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Eliezer Gabriel Ribeiro

        v.                                                    Civil No. 1:26-cv-442-SE-AJ

Superintendent, Strafford County
Department Of Corrections;
Director, Boston Field Office,
United States Immigration
And Customs Enforcement, et al.


O R D E R

Eliezer Gabriel Ribeiro filed a petition for a writ of habeas corpus on May 29, 2026,

contesting his detention and requesting, inter alia, a bond hearing. Doc. no. 1. The court

thereafter ordered the respondents to show cause on or before June 1, 2026, as to why it should

not issue an order granting the petition to the extent of ordering them to afford the petitioner with

a bond hearing based on his apparent membership in the class certified in Guerrero Orellana v.

Moniz, No. 25-cv-12664-PBS, 2025 WL 3687757, at *10-11 (D. Mass. Dec. 19, 2025), and/or

his similarity to the petitioner granted a bond hearing as required by the Due Process Clause of

the Fifth Amendment in Destino v. FCI Berlin, No. 1:25-cv-374-SE-AJ, 2025 WL 4010424

(D.N.H. Dec. 24, 2025). Doc. no. 2.

On June 15, 2026, the petitioner moved for judgment on the pleadings (doc. no. 5) based,

in part, on the respondents' failure to file their response as directed by the court. Less than an

hour later, the respondents filed their response to the petition (doc. no. 6), wherein they

apologize for the delay, explain that the petitioner was transferred out of New Hampshire prior to

filing the petition, and nevertheless consent to jurisdiction on the basis of their delay in responding. Doc. no. 6. They further maintain that Destino and Guerrero Orellana were wrongly decided, incorporate by reference the legal arguments made on behalf of the respondents in certain prior cases, and object to the court granting relief to the petitioner. Nonetheless, they acknowledge that the court would reach the same result in this case as it reached in Destino if it were to apply the same reasoning as set forth in that case. The response further concedes that the petitioner appears to be a member of the Guerrero Orellana class. To the extent that the respondents' filing asks this court to agree that certain issues in this case have been preserved for appeal, the court declines to do so and leaves those decisions for the appellate court. The court recognizes that the respondents are free to raise these arguments in other future cases.

The respondents have failed to show cause why the court should not order them to afford a bond hearing before an immigration judge (IJ) at which the respondents will bear the burden of proving either that the petitioner is a flight risk by a preponderance of the evidence or that he is dangerous by clear and convincing evidence. See Hernandez-Lara v. Lyons, 10 F.4th 19, 41 (1st Cir. 2021). Because the court is bound by the class-wide relief issued in Guerrero Orellana and because the reasoning in Destino applies in this case, the petition is granted, in part. The motion for judgment on the pleadings is denied without prejudice. The respondents are ordered to provide the petitioner with a bond hearing before an IJ as soon as practicable at which the respondents will bear the burden of proving either that the petitioner is a flight risk by a preponderance of the evidence or that he is dangerous by clear and convincing evidence. If the respondents fail to provide a bond hearing, the court will set appropriate terms and conditions of

the petitioner's release during the pendency of his removal proceedings.  The respondents shall file a status report within seven days, on or before June 25, 2026.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

June 18, 2026

cc:     Counsel of record.